CRYSTAL SPRING CO. *vs.* CARRIE CORNELL.

MARCH 8, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Automobiles.  Negligence.*

The driver of an automobile attempting to pass another car in front of him is bound to exercise a high degree of care and to see that the situation is such that he can safely do so. He should observe not only the space which he is intending to traverse but also the opportunities which an approaching car would have to pass him safely. If the conditions of the roadway are such as would limit the movement of the approaching car they should be observed by him, and under such conditions if he could not pass or continue on with safety it is incumbent upon him to either stop or drop back.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff and overruled.

VINCENT, J.  This is an action of trespass on the case for negligence brought by the Crystal Spring Company, a corporation organized under the laws of Rhode Island and located and doing business at Seekonk in the Commonwealth of Massachusetts, against Carrie Cornell, of Barrington, in the State of Rhode Island, to recover damages arising from a collision between a truck belonging to the plaintiff corporation and the touring car of the defendant.

The case was tried in the Superior Court before a justice thereof sitting with a jury.  A verdict was rendered for the defendant and later the motion of the plaintiff for a new trial was denied by the trial justice.

The case is now before us upon the exceptions of the plaintiff to certain portions of the charge; to the refusal of certain requests to charge; and the denial of the motion for a new trial.

At the trial in the Superior Court the plaintiff produced but one witness, Robert S. Brown, who was practically the sole owner of the plaintiff corporation.  He testified that on the afternoon of the day of the accident he was driving his truck in a northerly direction on Pawtucket avenue, East Providence; that he overtook and attempted to pass another truck going in the same direction; that upon giving the usual signal the truck in front of him pulled to its right upon the tar construction which was, at that point, about fifteen or sixteen feet wide; that outside of the tar construction on each side of the road were car tracks; that he pulled out to his left and was alongside the truck, which he was attempting to pass, when the defendant's automobile appeared from around a curve about two hundred yards away; and that it was then obvious to him that there was not sufficient time in which to pass the truck and so he continued on beside it, trusting that the defendant would bear more to the right and give him ample room.  He does not claim that he made any attempt to stop his truck but says that he slackened his speed "watching to see what the other fellow would do."

He admits that he could have stopped within fifty feet and that he could have dropped behind the truck which he was attempting to pass, but that he kept on well over the center of the tar construction and that he was slowed down to about five miles an hour when the two cars came in collision and that the defendant's car was at that time going about the same speed.

He further testified that the defendant's car was traveling on its right-hand side of the road on the tar construction and that it remained on the tar construction until the time of the accident.

The plaintiff claims that the defendant's car should have been driven further to its right upon or over the street car tracks and that if this had been done there would have been sufficient room for the two trucks, going in one direction, and the defendant's car, going in the other, to have passed abreast.

. Brown's truck had been proceeding behind four other cars. The defendant's driver says that he slowed down to about ten miles an hour when he saw the string of cars which he was approaching; that Brown's truck swung from behind these cars over to the left side of the road in front of him; that at that time the two cars were not more than fifty feet apart; that he did everything possible to stop his car and although he reduced its speed to less than five miles an hour he was not able to avoid the collision; that he was not able to turn further to the right on account of the broken edge of the tar construction and also for the reason that outside of the tar construction the earth had been washed out forming a gutter so that the rail stuck up some four or five inches; and that any attempt to pass over it might have resulted in overturning his car.

It is undisputed that the cars came together head-on. The testimony of the driver was to some extent corroborated by the testimony of the two ladies who were in the automobile.

Upon this testimony the question of the defendant's negligence and the plaintiff's contributory negligence was left to the jury.

(1) A person attempting to pass a car in front of him is bound to exercise a high degree of care and to see that the situation is such that he can safely do so. He should observe not only the space which he is intending to traverse but also the opportunities which an approaching car would have to pass him safely. If the condition of the edge of the tar construction or the unusual prominence of the rails of the car tracks were such as would limit the movement of the approaching car, they should have been observed by him. He should have known and appreciated the limitations of the approaching car and, if he found his surroundings were such that he could not pass or continue on with safety, it was incumbent upon him to either stop his car or drop back to the position which he had formerly occupied in rear of the other truck.

The jury rendered a verdict in favor of the defendant. We think that upon the testimony they might reasonably reach the conclusion that the defendant was not negligent and that the accident was due to the improper operation of the plaintiff's truck, taking into consideration the condition of the roadway and the presence of the car tracks.

We do not find any merit in the exceptions of the plaintiff regarding the charge of the court and its refusals to charge. The matters contained in the plaintiff's requests had already been substantially covered by the charge of the court.

The plaintiff's exceptions are all overruled and the case is remitted to the Superior Court with direction to enter judgment for the defendant upon the verdict.

*William J. Brown*, for plaintiff.
*Greenough, Easton & Cross*, for defendant.